

# In the Court of Criminal Appeals of Texas

No. WR-67,128-07

EX PARTE TERRENCE RUBEN SHEAD,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. W02-55798-U-(C) in the 291st District Court
From Dallas County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant was convicted in 2004 of capital murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction in 2006. *Shead v. State*, No. 05-05-00080-CR (Tex. App.—Dallas Apr. 4, 2006) (mem. op., not designated for publication).

In November 2021, Applicant filed an application for writ of

habeas corpus in the county of conviction. Tex. Code Crim. Proc. art. 11.07. In his application, he alleges the trial prosecutor engaged in misconduct by forcing witnesses to falsely testify, and that he is actually innocent.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2004, but this writ application was not filed until over sixteen years later. The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims.[1] And

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**          May 11, 2022
**DO NOT PUBLISH**